**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMUEL ROH,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>SUNEEL SAWANT, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 13-2251 (MAS) (TJB)<br><br><br><br>**MEMORANDUM ORDER** |

　　　This matter comes before the Court on the motion for default judgment by Plaintiff Samuel Roh ("Plaintiff") as to ATI Holding ("ATI") and Advanced Technologies International Corp. ("ATIC"). (Pl.'s Mot., ECF No. 33.) According to the Complaint, Defendant Suneel Sawant ("Sawant") is the founder and CEO of ATI and ATIC (collectively, "Defendant Companies"). (Am. Compl. ¶ 7, ECF No. 15.) Sawant has appeared in this matter, albeit belatedly.[1] The Defendant Companies failed to appear and have not opposed the present motion.

　　　"[D]efault judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Notably, it is preferable that "cases be disposed of on the merits whenever practicable." *Id.* at 1181 (citations omitted). While liability will be established by entry of default if it is well-pled in the complaint, "a judgment of liability should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to

---

[1] On June 14, 2013, the Clerk entered default against Sawant for failure to plead or otherwise defend. On May 22, 2014, the Court denied Plaintiff's motion for default judgment and vacated the entry of default as to Sawant. (ECF No. 34.)

all defendants." *Figueroa v. Image Rent a Car, Inc.*, No. 09-1730, 2010 WL 3894356, at *2 (M.D. Fla. Sept. 10, 2010) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)). According to the Third Circuit,

> *Frow* undoubtedly stands for the proposition that in certain circumstances it is inappropriate to enter a default judgment against one defendant when other defendants in the same case have prevailed. Unfortunately, the Court's opinion does not identify those specific circumstances. However, we believe that *Frow* stands for the proposition that if at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant, even though it failed to participate in the proceeding in which the exculpatory facts were proved.

*Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 154 (3d Cir. 1986). In *Farzetta*, the Third Circuit also noted that the Supreme Court in *Frow* did not "detail[] the relationship between Frow and his co-defendants (Were they all accused of the exact same acts?, *Were they linked within a corporate structure?*)." *Id.* at 154 n.2 (emphasis added).

According to the Fourth Circuit, the holding in *Frow* includes cases in which liability of multiple defendants is joint and several. *See Richardson v. Bostick*, No. 11-3045, 2013 WL 3166398, at *3 (E.D.N.C. June 20, 2013) (citing *United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967) ("Although *Frow* was a case of joint liability, we think the procedure established for multiple defendants by Rule 54(b) is strikingly similar and applicable not only to situations of joint liability but to those where the liability is joint and/or several.")).

Here, the case has not been adjudicated with regard to all defendants and is currently proceeding against co-defendant Sawant. Moreover, the complaint clearly links Sawant within the same corporate structure as the defaulting corporate entities. As such, the Court finds good cause to deny Plaintiff's motion for default judgment, without prejudice, pending resolution of the underlying proceedings with Sawant. Based on the foregoing, and for other good cause shown,

IT IS on this 5th day of November, 2014, **ORDERED** that:

1. Plaintiff's motion for default judgment is denied without prejudice.

2. Plaintiff may file a renewed motion for default judgment as to the Defendant Companies at the conclusion of the case against Sawant, the appearing party.[2]

                                        s/ Michael A. Shipp
                                        MICHAEL A. SHIPP
                                        UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's renewed motion papers must include a legal brief pursuant to Local Civil Rule 7.1(d).