RECEIVED
JUL 29 2016
AT 8:30_____M
WILLIAM T. WALSH CLERK

**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SAMUEL ROH,<br><br>        Plaintiff,<br><br>v.<br><br>SUNEEL SAWANT, et al.,<br><br>        Defendants. | Civil Action No. 13-2251 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff's second motion for default judgment against Defendants Suneel Sawant ("Mr. Sawant"), ATI Holding, and Advanced Technologies International Corp. ("Defendant Companies")[1] (collectively, with Mr. Sawant, "Defendants"). (ECF No. 58.) Mr. Sawant filed opposition on January 19, 2016 (ECF No. 61), and Plaintiff replied (ECF No. 62). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiff's motion is denied.

**I.    Background**

Plaintiff previously moved for default judgment against Mr. Sawant on October 2, 2013. (ECF No. 18.) Mr. Sawant cross moved to set aside the entry of default (ECF No. 22), and by

---

[1] On April 9, 2014, Plaintiff moved for default judgment against Defendant Companies. (ECF No. 33.) By order dated November 5, 2014, the Court denied Plaintiff's motion and stated "Plaintiff may file a renewed motion for default judgment as to the Defendant Companies at the conclusion of the case against [Mr.] Sawant, the appearing party." (Mem. Order 3, Nov. 5, 2014, ECF No. 48.) As the case against Mr. Sawant is ongoing, the motion sub judice is denied with respect to the Defendant Companies.

order dated May 22, 2014, the Court vacated the entry of default and ordered Mr. Sawant to answer or otherwise respond to the Complaint by June 13, 2014. (ECF No. 34.) Mr. Sawant answered on June 12, 2014. (ECF No. 36.) On July 27, 2014, after Mr. Sawant allegedly failed to answer Plaintiff's interrogatories, Plaintiff moved for sanctions against Mr. Sawant and moved to compel discovery. (ECF No. 38.) The Honorable Tonianne J. Bongiovanni, U.S.M.J., denied the motion for sanctions and granted the motion to compel discovery, requiring Mr. Sawant to produce the requested discovery by September 5, 2014. (ECF No. 44.) On May 4, 2015, Plaintiff moved to extend discovery because of alleged continued difficulties with obtaining discovery from Mr. Sawant. (ECF No. 49.) Judge Bongiovanni subsequently extended discovery to June 8, 2015. (ECF No. 50.) On May 19, 2015, however, Mr. Sawant's counsel, Jeremy Esakoff, Esq. ("Esakoff"), moved to withdraw from this case. (ECF No. 52.) The Court granted Esakoff's motion, which was unopposed. (ECF No. 53.) Thereafter, Judge Bongiovanni instructed Mr. Sawant to contact Plaintiff's counsel within ten days and to retain new counsel within thirty days to avoid being deemed pro se. (ECF No. 54.) Mr. Sawant failed to retain counsel or to contact Plaintiff. Accordingly, by order dated November 1, 2015, Judge Bongiovanni stated, "in light of the Defendant's repeated failures to abide by the direction of the Court, the Plaintiff is permitted to move for default judgment and whatever sanctions deemed appropriate" ("November Order" Nov. 1, 2015, ECF No. 57.)

## II. Discussion

Federal Rule of Civil Procedure 37 authorizes a court to impose sanctions for failure to provide discovery or obey court orders. Fed. R. Civ. P. 37(b)(2). Where such failures have occurred, entry of default judgment may be an appropriate remedy. Fed. R. Civ. P. 37(b)(2)(A)(vi). The Court's consideration of whether to render default judgment against a disobedient party is

governed by the following factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.*

In the present case, Judge Bongiovanni's November Order provided that "in light of **Defendant's repeated failures to abide by the direction of the Court**, the Plaintiff is permitted to move for **default judgment and whatever sanctions deemed appropriate**." (Order Nov. 1, 2015 (emphasis added).) Here, Plaintiff did not file a moving brief pursuant to Local Civil Rule 7.1(d).[2] In addition, it appears from the Court's review of Plaintiff's certifications and reply brief in support of his default judgment motion that Plaintiff has reargued for default judgment pursuant to Rule 55, as opposed to Rule 37. Based on a careful consideration of Judge Bongiovanni's November Order and the procedural and substantive posture of this matter, however, the Court finds consideration pursuant to Rule 37 appropriate. As such, the Court will consider the *Poulis* factors.

With respect to the first *Poulis* factor, Mr. Sawant has failed to comply with the Court's orders. Because he is entirely responsible for this failure to comply, the first factor weighs in favor of granting default judgment. The second *Poulis* factor also weighs in favor of default judgment. The delays that have been suffered by Plaintiff because of Mr. Sawant's refusal or inability to defend his case present some inherent prejudice to Plaintiff. "Prejudice may . . . take the form of

---

[2] Local Civil Rule 7.1(d)(1) provides that "[n]o application will be heard unless the moving papers and a brief, prepared in accordance with L.Civ.R. 7.2 . . . are filed with the Clerk. . . . The brief shall be a separate document for submission to the Court." L. Civ. R. 7.1(d)(1).

3

extra costs, repeated delays, and having to file additional motions due to abusive behavior by the other party." *Miller v. Advocare, LLC*, No. 12-1069, 2013 WL 2242646, at *3 (citing *Williams v. Sullivan*, No. 08-1210, 2011 WL 2119095, at *6 (D.N.J. May 20, 2011)). This is a case from 2013 that is still in the fact discovery stage and Plaintiff has been required to file applications and incur additional costs to address the discovery violations. Accordingly, the second factor weighs in favor of default judgment.[3]

The third *Poulis* factor also weighs in favor of default judgment because Mr. Sawant has demonstrated a history of dilatoriness, as reflected in the background section of this Memorandum Opinion. As to the fourth *Poulis* factor, the Court does not find that Mr. Sawant's conduct has been in bad faith. Nevertheless, the Court finds that Mr. Sawant's conduct has been willful. Judge Bongiovanni entered orders in this matter with which Mr. Sawant failed to comply. Although Mr. Sawant has proffered excuses for his repeated failures to comply,[4] none of these demonstrates an inability to comply. *See Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982) (where the defendant's excuses–including: (1) not being able to reach its lawyer; (2) not being told how to find a lawyer who could handle the case; (3) finding other, more appropriate, lawyers to be too busy to take the case–demonstrated a "failure to move with the dispatch . . . required . . . ," rather than inability); *Hunt-Ruble v. Lord, Worrell & Richter, Inc.*, No. 10-4520, 2012 WL 2340418, at *5 (D.N.J. June 19, 2012) (finding that "a consistent failure to obey orders of the court, 'at the very least, renders [a party's] actions willful.'") (quoting *Martino v. Solaris Health Sys.*

---

[3] If Mr. Sawant fails to comply with any further Court orders, Plaintiff will have the opportunity to set forth the specific nature of any prejudice he has suffered in a renewed default judgment application supported by a moving brief that sets forth and discusses the *Poulis* factors.

[4] In the affidavit that Mr. Sawant submitted in opposition to Plaintiff's motion, he claims that he was unable to participate in the proceedings because of his divorce, bad business decisions, and lack of a permanent address. (Def.'s Opp'n Br. ¶ 3-5, ECF No. 61.)

4

*Corp.*, No. 04-6324, 2007 WL 1959226, at *5 (D.N.J. June 29, 2007)). In the absence of an adequate explanation, the Court finds that Mr. Sawant's actions were willful.

The fifth *Poulis* factor, however, weighs in favor of denying default judgment. Mr. Sawant has appeared in the matter. In addition, Mr. Sawant has indicated that he will participate in the matter. Furthermore, Mr. Sawant noted that he has suffered significant financial losses resulting from business decisions relating to the Consulting Agreement. Here, the Court finds that lesser sanctions would likely be effective. *See generally Northstar Fin. Cos., Inc. v. Nocerino*, No. 11-5151, 2013 WL 6061349 (E.D. Pa. Nov. 18, 2013) (where the defendants were, upon plaintiff's first two motions for Rule 37 default judgment based on repeated discovery failures, sanctioned $1000 and $5000 respectively, only upon the third motion were the defendants sanctioned with default judgment after ignoring one of the sanctioning orders). The Court will defer the imposition of alternative monetary sanctions until the conclusion of the matter.

Finally, the sixth *Poulis* factor also appears to weigh in favor of denying default judgment. Plaintiff claims that Mr. Sawant breached the Consulting Agreement by failing to pay Plaintiff his annual salary. (Am. Compl. ¶ 76, ECF No. 15.) In his opposition brief, Mr. Sawant asserts that: (1) Plaintiff failed to fulfill his contractual obligations within the contract term; and (2) "there was never a clear agreement any [sic] to employ [Plaintiff]." (Def.'s Opp'n Br. ¶ 8, ECF No. 61.)[5] With respect to Mr. Sawant's assertion that Plaintiff failed to perform his obligations pursuant to the Consulting Agreement, courts presume that when parties enter into a bilateral contract, "the law considers the promises to be constructively conditional on one another." 14 Williston on

---

[5] Plaintiff argues that: (1) regardless of whether Mr. Sawant employed Plaintiff or merely contracted with Plaintiff is irrelevant because of the express language of the agreement; and (2) what Mr. Sawant characterizes as the contract term is actually the term before the duration of which the contract cannot be terminated. (Pl.'s Reply Br. 6, ECF No. 62.)

Contracts § 43:1 (4th ed. 2005); *see also Weisman v. N.J. Dep't of Human Servs.*, 982 F. Supp. 2d 386, 391 (D.N.J. 2013) (holding that under New Jersey law, "[a] material breach to a bilateral contract excuses the other party from performing its future obligations under that contract"). Therefore, because Mr. Sawant claims that Plaintiff failed to perform his obligations within the contract term, Mr. Sawant, at the very least, presents a meritorious defense to Plaintiff's claim.

### III. Conclusion

Here, the majority of the *Poulis* factors weigh in favor of default judgment. Nevertheless, in light of Plaintiff's failure to file a moving brief pursuant to Local Civil Rule 7.1, Mr. Sawant's pro se status, and available alternative sanctions, the Court will deny Plaintiff's motion without prejudice. The Court cautions Mr. Sawant, however, that absent compelling circumstances, the Court shall not excuse his failure to comply with future orders issued in this case. The Court will enter an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** July 29, 2016