# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAMUEL ROH, | Civil Action No. 13-2251 (MAS) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| SUNEEL SAWANT et al, | |
| **Defendant.** | |

**BONGIOVANNI, Magistrate Judge**

     This matter has been opened by the Court *sua sponte* due to Plaintiff Samuel Roh's ("Plaintiff") failure to prosecute his case. For the reasons that follow, it is respectfully recommended that the case be DISMISSED WITH PREJUDICE.

## BACKGROUND AND PROCEDURAL HISTORY

     On April 9, 2013, Plaintiff brought an action for breach of contract, breach of the covenant of good faith and fair dealing, fraud, tortuous interference with prospective contract and civil conspiracy against Suneel Sawant, Advanced Technologies International Corp., ATI Holding, and Kushvinder Mangat. (Docket Entry No. 1) Plaintiff alleges that he was fraudulently induced to act as a consultant to Defendant Advanced Technologies International Corp. and or ATI Holding ("Defendant Companies"), in which he was promised certain payments, which were not made. (Pl.'s Compl. at ¶2). Defendant Suneel Sawant ("Defendant Suwant") is the founder and CEO of the Defendant Companies. (Id. at ¶7). An order of voluntary dismissal as to Defendant Kushvinder Mangat was entered on October 8, 2013.

     On April 10, 2015, Plaintiff filed a motion for an extension of time to complete discovery (Docket Entry No. 49) which was granted by the Court on April 28, 2015 (Docket Entry No. 50). On May 4, 2015, the Court stayed discovery pending the resolution of defense counsel's motion

to withdraw. (Docket Entry No. 51). After defense counsel's motion to withdraw was granted, the Court entered a scheduling order on August 19, 2015 advising Defendant to contact Plaintiff to discuss the discovery schedule. Plaintiff was advised that he should notify the Court if Defendant failed to contact him. (Docket Entry No. 55). Defendant failed to contact Plaintiff and Plaintiff was granted leave to seek default judgment and other sanctions. Plaintiff's motion for default judgment was filed on December 11, 2015. (Docket Entry No. 58). The Hon. Michael A. Shipp, U.S.D.J. denied Plaintiff's motion for default judgment on July 29, 2016. (Docket Entry No. 63). The District Court stated, "Here, the majority of the Poulis factors weigh in favor of default judgment. Nevertheless, in light of Plaintiff's failure to file a moving brief pursuant to Local Civil Rule 7.1, Mr. Sawant's *pro se* status, and available alternative sanctions, the Court will deny Plaintiff's motion without prejudice." (Id. at 6).

Plaintiff was instructed by letter order on November 7, 2016 (Docket Entry No. 70) to submit a deposition schedule by November 30, 2016 which he did (Docket Entry No. 71). On December 9, 2016, plaintiff's counsel filed a motion to withdraw as plaintiff's attorney. (Docket Entry No. 72). The Court entered a letter order on December 22, 2016 advising Plaintiff that if he objected to the motion, he must do so, in writing by January 11, 2017. (Docket Entry No. 73). Plaintiff did not object and the Court granted the motion on January 19, 2017 advising Plaintiff that he had until March 1, 2017 to retain new counsel or he would be deemed *pro se*. (Docket Entry No. 74). By letter order, the Court advised that the telephone conference scheduled for February 2, 2017 was cancelled and would be rescheduled after March 1, 2017. (Docket Entry No. 75). Docket Entry Nos. 73, 74, 75 were sent to Plaintiff at 30 Kennedy Rd., Roslyn Heights, NY 11577 by regular and certified mail. The certified letters were returned as undeliverable but the regular letters were not. (Docket Entry Nos. 76-78). Plaintiff did not retain new counsel and

the Court entered a letter order on March 6, 2017 deeming Plaintiff *pro se* and scheduling a status telephone conference for March 21, 2017. (Docket Entry No. 79). The Court called Plaintiff on the date of the telephone conference to advise him that the call would be delayed by a half hour. Plaintiff stated that he did not want to be on the call with the Defendant and that he was going to dismiss the case. When the time came for the telephone conference, the Court placed five telephone calls to the Plaintiff, each time receiving only his voicemail. The Court then telephoned the Defendant and, while on the record, left a voicemail message for Plaintiff advising that if he did not send an order dismissing the case, as he had represented to Court staff was his intention, by the next day, March 22, 2017, the Court would enter an order and consider imposing sanctions. (3/21/2017 Transcript, Docket Entry No. 81). The Court has not heard from the Plaintiff since.

### Analysis

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders and/or prosecute a case. *See* Fed.R.Civ.P. 37(b)(2), 41(b). Where such failures have occurred, dismissal may be an appropriate penalty. *Id.* Generally, in determining whether to impose an involuntary order of dismissal with prejudice, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984). These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v.*

*Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

The Court considers the *Poulis* factors in determining whether to recommend the dismissal of this matter with prejudice. For the reasons that follow, the Court finds that under the circumstances presented here, the *Poulis* factors support the dismissal of Plaintiff's claims with prejudice:

1. **Plaintiff's Personal Responsibility:** Here, Plaintiff's failure to comply with this Court's orders falls squarely on himself. The Court sent copies of all of its orders requiring action on the part of Plaintiff directly to Plaintiff and indicated in same that it was Plaintiff's responsibility to comply. Court staff also spoke with Plaintiff on March 21, 2017, clearly making him aware of the scheduled conference, yet Plaintiff failed to answer his phone and has not contacted the Court since. As such, the Court finds this factor to favor dismissal with prejudice.

2. **Prejudice to Defendant:** Plaintiff initiated this action, but has refused to prosecute same. Plaintiff's failure to do that which was required of him supports dismissal of this matter with prejudice. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

3. **History of Dilatoriness:** Plaintiff has a history of dilatoriness. On multiple occasions, Plaintiff has failed to comply, timely or otherwise, with this Court's orders. Plaintiff's inaction supports the dismissal of his claims with prejudice.

4. **Willfulness or Bad Faith:** The Court does not on this record find that Plaintiff proceeded in bad faith. The Court does, however, find that Plaintiff's conduct has been willful. Plaintiff has stated that he intends to dismiss his case. It further supports the dismissal of this matter with prejudice.

5. **Effectiveness of Alternative Sanctions:** The record of Plaintiff's unresponsiveness suggests that alternative sanctions would be futile. On the facts presented here, the Court finds that no lesser sanction would be effective. *See Joyce v. Continental Airlines, Inc.*, 09-2460 (WJM), 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

6. **Meritoriousness of the Claims:** In light of the stage of proceedings, the Court is unable to determine the meritoriousness of Plaintiff's claims.

Under these circumstances the Court finds that dismissal of Plaintiff's claims with prejudice is warranted. Plaintiff voluntarily filed this case. After doing so, he has failed to take the steps necessary to move this case toward trial. Plaintiff's actions in this regard demonstrate a pattern of non-compliance with his obligations under the Federal Rules of Civil Procedure, a failure to prosecute this matter and an utter disregard for this Court. As a result, this Court respectfully recommends that this matter be dismissed with prejudice.

## Conclusion

The Court having considered this matter pursuant to L.Civ.R. 78.1(b) and having given consideration to the *Poulis* factors;

IT IS on this 13th day of April, 2017,

RECOMMENDED that Plaintiff's Complaint be DISMISSED WITH PREJUDICE; and it is

ORDERED that the Clerk of the Court activate this Report and Recommendation; and it is further

ORDERED that the Clerk of the Court send a copy of this Report and Recommendation to Plaintiff at the following address:

Samuel Roh
30 Kennedy Road
Roslyn Heights, NY 11577


s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**